UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                              MISCELLANEOUS PROCEEDING NO.

NEAL H. SANDERS, II,                S-05-00001-5-MP

    DEBTOR


RANDOLPH HUGHES,                    BANKR. C.D. CA. CASE NO.

    Plaintiff                      ND 04-1149RR

    v.

NEAL H. SANDERS, II,                BANKR. C.D. CA. AP NO.

    Defendant.                     04-1163


ORDER DENYING MOTION FOR FINDING OF CONTEMPT
AND ORDERING APPEARANCE FOR DEPOSITION

Pending before the court is the motion filed by Randolph Hughes, the plaintiff in an adversary proceeding pending before the Bankruptcy Court for the Central District of California in the case of Neal H. Sanders, II, for a finding of contempt against Judith Kiss, a resident of this district, on grounds that she failed to appear at a deposition. A hearing was held in Raleigh, North Carolina on August 11, 2005.

Mr. Hughes, who obtained a substantial judgment against Mr. Sanders in an Ohio state court, wants to depose Ms. Kiss to, among other things, learn details of Mr. Sanders financial affairs. Counsel for Mr. Hughes, Teresa Cunningham, who is a member of the Kentucky bar

and who was admitted pro hac vice in California in connection with Mr. Sanders' bankruptcy case, prepared a subpoena requiring that Ms. Kiss appear for a deposition to be held in Raleigh, North Carolina on March 16, 2005. Having been admitted pro hac vice in the California case, Ms. Cunningham was authorized under Rule 45(a)(2) and (3) of the Federal Rules of Civil Procedure to issue a subpoena under the auspices of that court commanding attendance at a deposition in this district. Ms. Cunningham arranged to have a process server serve the subpoena on Ms. Kiss on March 7, 2005, but Ms. Kiss disputes that she was even served.

Ms. Cunningham filed an affidavit of service and proceeded with arrangements for the deposition under the assumption that Ms. Kiss had been properly served. Ms. Kiss did not appear for the deposition, but neither did Ms. Cunningham, who elected to appear telephonically. However, Ms. Cunningham did not obtain the written consent of either Mr. Sanders or Ms. Kiss to take the deposition by telephone as required by Rule 30(b)(7) of the Federal Rules of Civil Procedure (Bankruptcy Rule 7030). Consequently, sanctions against Ms. Kiss would not be approved for failure to appear, and the court need not decide whether or not she was properly served with the subpoena.

Ms. Cunningham stated that she has attempted to have Ms. Kiss served with subpoenas for attendance at a deposition at least six or seven times since June, and that Ms. Kiss has avoided service.

2

To avoid this problem in the future, Ms. Kiss is **ORDERED** to appear for a deposition in connection with the pending bankruptcy case within 20 days of the date of entry of this order, on the date and at the time and place agreed to by Ms. Cunningham and Ms. Kiss' counsel, Kevin Sink.

Any motion to quash will be scheduled for hearing on an expedited basis and counsel may appear by telephone.

**SO ORDERED.**

DATED:  August 17, 2005

A. Thomas Small
United States Bankruptcy Judge